## WINCHESTER MFG. CO. v. UNITED STATES.

No. 42518.

Court of Claims.

March 6, 1939.

Claude E. Koss, of New York City (H. Stanley Hinrichs and Oscar P. Mast, both of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and G. W. Billings, all of Washington, D. C., on the brief), for the United States.

PER CURIAM.

The motion for new trial is based upon alleged errors in the findings of fact. Particular stress is laid upon a letter sent to the Commissioner dated March 10, 1932, quoted in Finding 7 as showing that the plaintiff claimed a reduction in the value of the material content of its inventory. To avoid any misunderstanding of the letter, it may be well to explain clearly to what it referred. The letter did make a claim on account of materials, but as said therein, it was materials on hand *"for Government contracts at market value."* [Italics ours.] The letter stated that it was based on the decision of the Supreme Court in the United States Cartridge Company case, United States Cartridge Co. v. United States, 284 U.S. 511, 52 S.Ct. 243, 76 L.Ed. 431, which referred only to materials for Government contracts and not to any other material. Plaintiff's claim for further allowance in this respect was considered and allowed by the Commissioner and, as shown in the opinion, in the final conclusion, a certificate of overassessment for $8,849.28 was issued by reason of the reduction in the inventory in accordance with the Cartridge Company decision. There is nothing in the letter which would apprise the Commissioner that a reconsideration of materials generally was being requested.

The court further found that the evidence as a whole shows that no consideration was given by the Commissioner to the claim of March 30, 1933. This finding is said to be erroneous and reference is made to a "claims control card" to support this contention. This card is a part of the "evidence as a whole" considered by the court in making its ultimate finding, but the control card instead of showing that the finding was erroneous supports the conclusion of the court by the notation thereon "canceled 9/28/33" and the further notation "request for reopening denied". It is true that this amended claim was sent to the Audit Division and to the Audit Review Division but the filing of a claim or its reference to some particular division does not show that it was con-

sidered. A reexamination of the evidence on this point only serves to confirm our former conclusion.

■ One other matter possibly should be noticed. It may be conceded that the Commissioner in reaching his conclusions with reference to the cost of labor must to some extent consider the materials upon which the labor was expended but the cost or market value of materials is not fixed by the labor content of such materials and must be considered as a separate item. 'It is obvious that an audit of the cost of the labor would not include an audit of the cost or market value of the materials, and the opinion shows that the claim of May 9, 1930, was confined with great particularity to the cost of labor.

The motion for new trial must be overruled. It is so ordered.